LAW OFFICE OF JOHN BURRIS
John L. Burris, Esq. (sbn 69888)
Steven R. Yourke, Esq. (sbn 118506)
7677 Oakport St., Suite 1120
Oakland, CA 94621
Phone: (510) 839-5200
Fax: (510) 839-3882
Email: steven.yourke@johnburrislaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN REED, B.R., a minor, by her guardian ad litem, Susan Nava,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF MODESTO, a municipal corporation; Chief of Police HARDEN, in his individual capacity; Police Officer RON ZIYA, Police Officer CAELI KOEHLER, in their individual and official capacities,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. SECTION 1983)**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION:**

1. This action arises from the shooting of plaintiff BRIAN REED by defendant police officer RON ZIYA on December 30, 2010 in Modesto, California. Plaintiff BRIAN REED sues for violation of civil rights pursuant to 42 U.S.C. section 1983. Plaintiff B.R., REED'S ten year old daughter, sues under the same statute for violation of her 14th Amendment right to

enjoy continued family relations with her father and REED sues for violation of his14th Amendment right to enjoy continued family relations with her.

2. This Court has jurisdiction in this action pursuant to 28 U.S.C. Section 1331.

3. The acts and omissions complained of herein occurred in Modesto, California and therefore the proper venue for this action is the Eastern District of California in Fresno, California.

4. Plaintiff demands a jury trial.

5. Plaintiff BRIAN REED is a 41 year old man who resides in Modesto, California. At the time of the subject incident, he was employed as a trailer tractor driver.

6. Plaintiff B. R. is a 10 year old girl, the minor child of Plaintiff BRIAN REED. She is represented in this action by her mother and guardian ad litem, SUSAN NAVA.

6. Defendants RON ZIYA and CAELI KOEHLER were at all relevant times police officers employed with the City of Modesto Police Department. They are sued in both their official and individual capacities.

6. Defendant MICHAEL HARDEN was at all relevant times the Chief of Police for the City of Modesto. He is sued in his individual capacity.

7. The CITY OF MODESTO is a governmental entity existing in the State of California.

8. All defendants acted under color of law in performing the acts and omissions complained of herein.

8. Defendants ZIYA and KOEHLER committed the acts complained of herein while acting within the scope of their duties as police officers employed by the CITY OF MODESTO.

**STATEMENT OF FACTS:**

10. On the afternoon of December 30, 2010, plaintiff BRIAN REED was at home alone and he was feeling very depressed. He telephoned his long-time partner, Susan Nava, and told her he was feeling suicidal and that he might kill himself. Ms. NAVA phoned the

Modesto Police Department for assistance. She told the police dispatcher that Mr. REED had told her that he was feeling suicidal. Ms. NAVA then drove to the home she shared with Mr. REED, a single family dwelling located at 1816 Hagstrom Court in Modesto. She found Plaintiff in the bedroom where he had locked himself in. Ms. Nava persuaded Plaintiff to open the door. He eventually did so and she escorted him toward the living room. As she did so, Plaintiff picked up a pocket knife with a three inch blade. He opened the pocket knife and pointed it at his chest and threatened to kill himself. Just then, the defendant officers arrived at the front door. The police pounded on the door and yelled "Open the fucking door!" several times. While holding Plaintiff by the left wrist, Ms. Nava approached the front door and opened it. Ms. Nava told the officers that that Plaintiff REED was not a danger to anyone except himself. She pleaded with the police not to hurt him. Ms. Nava stood directly in front of Mr. Reed who continued to hold the pocket knife in his right hand, pointing at his chest. Ms. Nava pushed Mr. REED backwards and toward the far side of the living room until he was around fifteen feet from the front door. Still standing on the front porch, Officer ZIYA pulled out his firearm and shouted at plaintiff several times to "Drop the fucking knife!" Officer KOEHLER drew her Taser and pointed it at Plaintiff. Ms. Nava remained standing in front of Plaintiff, shielding him with her body from attack by the police. She screamed at the police not to hurt him. Plaintiff still held the pocket knife in his right hand and pointed it at his chest. Plaintiff said, "Go ahead, shoot me, I don't want to live!" The police ordered Ms. Nava to step aside and she complied with the order. As soon as she stepped aside, Officer ZIYA, who was still standing on the porch, fired several rounds at Plaintiff, wounding him severely in the abdomen and left arm. Ms. Nava screamed and ran out of the house. Plaintiff dropped the knife when he was shot and turned away from the police. Officer KOEHLER fired her Taser which struck him Mr. REED in the back and caused him to collapse on the living room floor, bleeding profusely. He lay on the floor, around 15 feet from the front door, until an ambulance arrived and transported Plaintiff to hospital where he underwent emergency surgery.

//

**STATEMENT OF INJURIES**

11. Plaintiff sustained multiple gunshot wounds to the chest, abdomen and left upper arm for which he underwent extensive surgery. According to medical records, he sustained massive liver laceration; through-and-through stomach laceration; left diaphragmatic laceration, through-and-through right sided anterior chest gunshot wound, through-and-through gunshot wound from the right lateral chest wall to right shoulder, and through and through fracture of the left distal shaft humerus with injury to the brachial artery.

12. Mr. REED underwent extensive surgery and was in hospital for several weeks. As a result of his injuries, Mr. REED has been rendered severely and permanently disabled. His motor and cognitive functions have been significantly impaired. He suffers frequent seizures. He cannot walk without assistance and he frequently falls down just going from his bed to the bathroom. His short term memory is impaired. He is often disoriented. He sometimes seems to enter into a trance. He has completely lost the use of his left arm and hand. He suffers frequent seizures. He is permanently disabled and will probably never be able to work again in any capacity. He is very depressed and anxious. He requires round-the-clock nursing care which is currently being provided by Ms. NAVA. He requires round-the-clock nursing care and will probably do so for the rest of his life. He cannot enjoy family relations with his young daughter, B.R.. His house is in foreclosure. In sum, his life is in ruins.

13. In committing the acts and omissions complained of herein, defendant ZIYA acted with malice and oppression. Plaintiffs are thus entitled to an award of punitive damages against him.

**FIRST CAUSE OF ACTION**
**(Violation of Civil Rights – Unreasonable Seizure - 4th Amendment)**
**(Against Officers ZIYA and KOEHLER)**

//
/
//

14. The shooting by Officer ZIYA and the use of the Taser by Officer KOEHLER were unreasonable and thus violated Plaintiff's Fourth Amendment right not to be subjected to unreasonable seizure.

15. The actions complained of proximately caused Plaintiff to suffer injuries as described herein.

WHEREFORE Plaintiff prays for relief as set forth below:

**SECOND CAUSE OF ACTION**
**(Violation of Civil Rights – 14th Amendment – Interference with Family Relations)**
**(By All Plaintiffs against Defendants ZIYA and KOEHLER)**

16. The Fourteenth Amendment to the United States Constitution protects the right of parents, children and spouses to enjoy continued family relations;

17. The shooting and Tasering of plaintiff BRIAN REED shocks the conscience;

18. As a result of the severe injuries sustained by plaintiff BRIAN REED, he can no longer enjoy a relationship with his young daughter. He cannot play with her, read to her, walk with her, take her on outings, or do any of the countless things that he used to do with her before he was injured. In short, his cannot enjoy the companionship and society of his young daughter and he cannot provide her with the love, care, guidance and financial support a father normally provides his child. Likewise, plaintiff B. R. has practically lost her relationship with her father and longer receives the benefit of his companionship, care, guidance, love and financial support. She has been severely impacted psychologically and emotionally by the shooting. She was an "A" student before the shooting but since, she has been getting in trouble at school and her grades have plummeted. She misses her father terribly and is deeply depressed about losing him.

WHEREFORE she prays for relief as set forth below:

**THIRD CAUSE OF ACTION**

**(42 U.S.C. SECTION 1983 – MONELL CLAIM – FAILURE TO TRAIN)**
**By All Plaintiffs Against Defendants CITY OF MODESTO and Police Chief HARDEN**

19. Plaintiffs hereby restate and incorporate by reference all allegations of fact set forth in paragraphs 1 through 12, above.

20. Police officers are often called upon to deal with mentally ill or suicidal persons in the course of their professional duties and such persons enjoy the Fourth Amendment right not to be subjected to unreasonable force by the police;

21. Defendants CITY and HARDEN have been deliberately indifferent to the rights of such persons as manifest by their failure to adequately train their police officers, including defendant ZIYA, how to deal with mentally ill or suicidal persons without using unreasonable force against them;

22. Such deliberate indifference was a motive force in causing Plaintiffs' injuries as complained of herein.

WHEREFORE Plaintiffs sue for relief as set forth below:

**FOURTH CAUSE OF ACTION**

**(42 U.S.C. SECTION 1983 – MONELL CLAIM – FAILURE TO DISCIPLINE)**
**By All Plaintiffs Against Defendants CITY OF MODESTO and Police Chief HARDEN**

23. Plaintiffs hereby restate and incorporate by reference all allegations of fact set forth in paragraphs 1 through 12, above.

24. All persons have a right protected by the Fourth Amendment not to be subjected to unreasonable force by the police;

25. Defendants CITY and HARDEN have been deliberately indifferent to the rights of persons with whom their officers come in contact, including Plaintiff BRIAN REED,

as manifest by their failure to adequately and appropriately discipline police officers who use unreasonable force against members of the public;

WHEREFORE Plaintiffs sue for relief as set forth below:

**FIFTH CAUSE OF ACTION**

**(42 U.S.C. SECTION 1983 – MONELL CLAIM – NEGLIGENT HIRING AND RETENTION)**
**By All Plaintiffs Against Defendants CITY OF MODESTO and Police Chief HARDEN**

24. Plaintiffs hereby restate and incorporate by reference all allegations of fact set forth in paragraphs 1 through 12, above.

25. Members of the public enjoy a constitutional right protected by the Fourth Amendment not to be subjected to unreasonable force by the police;

26. Defendants CITY and HARDEN have been deliberately indifferent to such rights as manifested by their routine failure to adequately screen candidates seeking employment as police officers;

27. The deliberate indifference of the CITY to adequately screen RON ZIYA's application for employment was a motive force and a proximate cause of injury to Plaintiffs. If they had adequately screened ZIYA they would not have hired him.

**1. PRAYER FOR RELIEF:**

WHEREFORE Plaintiff prays for relief as follows:

1. General Damages in the amount of $10,000,000.00;
2. Special damages in an amount to be determined at trial;
3. Attorney's fees and costs as allowed by 42 U.S.C. section 1988;
4. Punitive damages in the amount of $100,000 against Officer ZIYA.
5. All other relief to which they may be entitled under law;

Dated: June 27, 2011.

LAW OFFICE OF JOHN BURRIS

/s/ Steven R. Yourke

______________________________

Steven R. Yourke, Esq.
John L. Burris, Esq.
Attorneys for Plaintiffs