1   SUSANA ALCALA WOOD, SB#156366
    JAMES F. WILSON, Senior Deputy City Attorney #107289
2   City of Modesto
    1010 10th Street, Suite 6300
3   P.O. Box 642
    Modesto, California 95353
4   Telephone: (209) 577-5284
    Facsimile: (209) 544-8260
5

6   Attorneys for Defendants

7

8                   UNITED STATED DISTRICT COURT

9             EASTERN DISTRICT OF CALIFORNIA - FRESNO

10  **BRIAN REED, and B.R., a minor, by her**      )   No. 1:11-CV-01083-AWI-GSA
    **guardian ad litem, Susan Nava,**             )
11                         Plaintiffs,             )   **STIPULATION AND ORDER TO**
                                                   )   **PROTECT CONFIDENTIAL**
12  v.                                             )   **INFORMATION**
                                                   )
13  **CITY OF MODESTO, a municipal**               )
    **corporation, Chief of Police HARDEN, in**   )
14  **his individual capacity; Police Officer**    )
    **RON ZIYA, and Police Officer CAELI**         )
15  **KOEHLER, in their individual and**           )
    **official capacities,**                       )
16                         Defendants.             )
                                                   )
17  _____        )

18                          **STIPULATION**

19          Plaintiffs Brian Reed and B.R., a minor, by her guardian ad litem Susan Nava and Defendants

20  City of Modesto, Chief Michael Harden and Officers Ronny Ziya and Caeli Koehler, by and through

21  their undersigned counsel of record, and subject to the approval of the court, stipulate to the following

22  Protective Order as set forth below:

23          1.      In connection with any discovery proceedings in this action, the parties may agree or the

24  Court may direct that any document, thing, material, testimony or other information derived therefrom,

25  be designated as "Confidential" under the terms of this Stipulated Protective Order ("Order").

26  Confidential information is information which has not been made public and is privileged and

27  confidential and protected from public disclosure under applicable Federal or California State law.

28          2.      Confidential documents shall be so designated by stamping copies of the document

                                        -1-
                  K:\GSA\To_Be_Signed\11cv1083.Reed.Stipulated Protective Order.sh.wpd

1    produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on

2    the cover of any multi-page document shall designate all pages of the document as confidential, unless

3    otherwise indicated by the producing party.

4         3.     Material designated as confidential under this Order, the information contained therein,

5    and any summaries, copies, abstracts, or documents derived in whole or in part from material designated

6    as confidential ("confidential material") shall be used only for the purpose of the prosecution, defense,

7    or settlement of this action and for no other purpose.

8         4.     Confidential material produced pursuant to this Order may be disclosed or made available

9    only to the court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed

10   by such counsel) and to the "qualified persons" designated below:

11             a.     Experts or consultants (together with their clerical staff) retained by such counsel

12                   to assist in the prosecution, defense or settlement of this action;

13             b.     Court reporters employed in this action; and

14             c.     A witness at any deposition or proceedings in this action.

15             d.     Any other person as to whom the parties in writing agree.

16        Prior to receiving any confidential material, each "qualified person" shall be provided

17   with a copy of this Order and shall execute a non-disclosure agreement in the form of Attachment A, a

18   copy of which shall be maintained by the counsel who is providing the materials.

19        5.     The portion of any deposition in which confidential materials are discussed shall be taken

20   only in the presence of qualified persons, as defined above.

21        6.     Nothing herein shall impose any restrictions on the use or disclosure by a party of

22   material obtained by such party independent of discovery in this action, whether or not such material is

23   also obtained through discovery in this action, or from disclosing its own confidential material as it

24   deems appropriate.

25        7.     Receipt by any party of any confidential information does not constitute, nor is it to be

26   construed to be, a waiver of any privilege or evidentiary objection, State or Federal.

27        8.     If confidential material, including any portion of a deposition transcript designated as

28   confidential is included in any papers to be filed in court, such papers shall be labeled

1   "CONFIDENTIAL-SUBJECT TO COURT ORDER" and filed under seal until further order of this

2   court.  Each envelope containing confidential material shall be endorsed with the title and case number

3   of this action, and indication of the nature of said sealed envelope, a legend "CONFIDENTIAL-

4   DESIGNATED BY COUNSEL," and a statement substantially in the following form: "This envelope

5   containing documents which are filed in this case is not to be opened, nor the contents thereof to be

6   displayed or revealed except by order of the court."  Except, however, that any papers served on counsel

7   for the parties need not include separate sealed envelopes for confidential materials.

8          9.       This Order shall be without prejudice to the right of the parties 1) to bring before the

9   court at any time the question of whether any particular document or information is confidential or

10  whether its use shall be restricted; or 2) to present a motion to the court under Federal Rule of Civil

11  Procedure 26(c) for a separate protective order as to any particular document or information, including

12  restrictions different from those as specified herein.  This Order shall not be deemed to prejudice the

13  parties in any way in any future application for modification of this Order.

14         10.      Nothing in this Order nor the production of any information or document under the terms

15  of this Order nor any proceedings pursuant to this Order, shall be deemed to have the affect of an

16  admission or waiver of objections or privileges by either party or of altering the confidentiality or non-

17  confidentiality of any such document or information or altering any existing right or obligation of any

18  party or the absence thereof.

19         11.      This Order shall survive the final termination of this action, to the extent that the

20  information contained in confidential material is not or does not become known to the public and the

21  court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed

22  hereunder.  Within ninety (90) days of the dismissal or entry of final judgment in this action, whichever

23  occurs first, each party shall return to the producing party all confidential materials and any and all

24  copies thereof.

25  ///

26

27         **IT IS SO STIPULATED.**

28  Dated: November 7, 2011                         Respectfully submitted,

K:\GSA\To_Be_Signed\11cv1083.Reed.Stipulated Protective Order.sh.wpd

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICE OF JOHN L. BURRIS

By: _____/S/_____
    STEVEN R. YOURKE
    Attorneys for Plaintiff

Dated: November 7, 2011        Respectfully submitted,

SUSANA ALCALA WOOD
City Attorney

By: _____/S/_____
    JAMES F. WILSON
    Senior Deputy City Attorney
    Attorneys for Defendants

**ORDER**

IT IS SO ORDERED.

**Dated:   November 9, 2011**       _____**/s/ Gary S. Austin**_____
                                 UNITED STATES MAGISTRATE JUDGE