SUSANA ALCALA WOOD, SB#156366
JAMES F. WILSON, Senior Deputy City Attorney #107289
City of Modesto
1010 10th Street, Suite 6300
P.O. Box 642
Modesto, California 95353
Telephone: (209) 577-5284
Facsimile: (209) 544-8260

Attorneys for Defendants

UNITED STATED DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO

| | |
|---|---|
| **BRIAN REED, and B.R., a minor, by her guardian ad litem, Susan Nava,**<br>  Plaintiffs,<br>v.<br>**CITY OF MODESTO, a municipal corporation, Chief of Police HARDEN, in his individual capacity; Police Officer RON ZIYA, and Police Officer CAELI KOEHLER, in their individual and official capacities,**<br>  Defendants. | No. 1:11-CV-01083-AWI-GSA<br><br>**STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION** |

## STIPULATION

Plaintiffs Brian Reed and B.R., a minor, by her guardian ad litem Susan Nava and Defendants City of Modesto, Chief Michael Harden and Officers Ronny Ziya and Caeli Koehler, by and through their undersigned counsel of record, and subject to the approval of the court, stipulate to the following Protective Order as set forth below:

   1.   In connection with any discovery proceedings in this action, the parties may agree or the Court may direct that any document, thing, material, testimony or other information derived therefrom, be designated as "Confidential" under the terms of this Stipulated Protective Order ("Order"). Confidential information is information which has not been made public and is privileged and confidential and protected from public disclosure under applicable Federal or California State law.

   2.   Confidential documents shall be so designated by stamping copies of the document

produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or documents derived in whole or in part from material designated as confidential ("confidential material") shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose.

4. Confidential material produced pursuant to this Order may be disclosed or made available only to the court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel) and to the "qualified persons" designated below:

   a. Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

   b. Court reporters employed in this action; and

   c. A witness at any deposition or proceedings in this action.

   d. Any other person as to whom the parties in writing agree.

Prior to receiving any confidential material, each "qualified person" shall be provided with a copy of this Order and shall execute a non-disclosure agreement in the form of Attachment A, a copy of which shall be maintained by the counsel who is providing the materials.

5. The portion of any deposition in which confidential materials are discussed shall be taken only in the presence of qualified persons, as defined above.

6. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential material as it deems appropriate.

7. Receipt by any party of any confidential information does not constitute, nor is it to be construed to be, a waiver of any privilege or evidentiary objection, State or Federal.

8. If confidential material, including any portion of a deposition transcript designated as confidential is included in any papers to be filed in court, such papers shall be labeled

1  "CONFIDENTIAL-SUBJECT TO COURT ORDER" and filed under seal until further order of this
2  court.  Each envelope containing confidential material shall be endorsed with the title and case number
3  of this action, and indication of the nature of said sealed envelope, a legend "CONFIDENTIAL-
4  DESIGNATED BY COUNSEL," and a statement substantially in the following form: "This envelope
5  containing documents which are filed in this case is not to be opened, nor the contents thereof to be
6  displayed or revealed except by order of the court."  Except, however, that any papers served on counsel
7  for the parties need not include separate sealed envelopes for confidential materials.

8          9.      This Order shall be without prejudice to the right of the parties 1) to bring before the
9  court at any time the question of whether any particular document or information is confidential or
10 whether its use shall be restricted; or 2) to present a motion to the court under Federal Rule of Civil
11 Procedure 26(c) for a separate protective order as to any particular document or information, including
12 restrictions different from those as specified herein.  This Order shall not be deemed to prejudice the
13 parties in any way in any future application for modification of this Order.

14         10.     Nothing in this Order nor the production of any information or document under the terms
15 of this Order nor any proceedings pursuant to this Order, shall be deemed to have the affect of an
16 admission or waiver of objections or privileges by either party or of altering the confidentiality or non-
17 confidentiality of any such document or information or altering any existing right or obligation of any
18 party or the absence thereof.

19         11.     This Order shall survive the final termination of this action, to the extent that the
20 information contained in confidential material is not or does not become known to the public and the
21 court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed
22 hereunder. Within ninety (90) days of the dismissal or entry of final judgment in this action, whichever
23 occurs first, each party shall return to the producing party all confidential materials and any and all
24 copies thereof.
25 ///
26
27         **IT IS SO STIPULATED.**
28 Dated: November 7, 2011                         Respectfully submitted,

|  |  |
|---|---|
|  | LAW OFFICE OF JOHN L. BURRIS |
|  | By: _____/S/_____ |
|  | STEVEN R. YOURKE |
|  | Attorneys for Plaintiff |
| Dated: November 7, 2011 | Respectfully submitted, |
|  | SUSANA ALCALA WOOD |
|  | City Attorney |
|  | By: _____/S/_____ |
|  | JAMES F. WILSON |
|  | Senior Deputy City Attorney |
|  | Attorneys for Defendants |

**ORDER**

IT IS SO ORDERED.

**Dated:   November 9, 2011**                              **/s/ Gary S. Austin**
                                                                            UNITED STATES MAGISTRATE JUDGE

K:\GSA\To_Be_Signed\11cv1083.Reed.Stipulated Protective Order.sh.wpd