# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN REED, *et al.*, | 1:11-cv-1083 AWI GSA |
| Plaintiffs, | |
| v. | **ORDER DENYING APPLICATION FOR APPOINTMENT OF GUARDIAN AD LITEM WITHOUT PREJUDICE** |
| CITY OF MODESTO, *et al.*, | |
| Defendants. | (Doc. 42) |

## INTRODUCTION

On June 29, 2011, Plaintiffs, B.R., a minor ("minor"), and Brian Reed (collectively, "Plaintiffs") filed a complaint alleging civil rights violations and related state claims. (Doc. 1). Plaintiffs filed an amended complaint on November 13, 2012, alleging similar claims. (Doc. 37). Both complaints identify Susan Nava as B.R.'s guardian ad litem. However, no petition or motion to appoint Susan Nava as the minor's guardian ad litem was submitted to the Court.

On April 8, 2013, Steven Yourke, Plaintiffs' attorney, submitted an application to appoint Brian Reed as guardian ad litem for B.R. in place of Susan Nava. (Doc. 42). Upon a review of the pleading, the application is DENIED without prejudice.

1

**DISCUSSION**

A plaintiff must have capacity to sue. "Capacity" refers to a party's personal right to litigate in federal court. *See* Fed.R.Civ.P. Rule 17(b). Similar to federal law, California law requires that minors or incompetents cannot sue in their own names, or defend an action brought against them. Instead, litigation ordinarily must be conducted through a guardian, conservator of the estate, or guardian ad litem. *See* Cal. Civ. Proc. § 372. "[A]n incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem - or issue another appropriate order - to protect . . . the incompetent person who is unrepresented in an action." Fed.R.Civ.P. Rule 17(c)(2).

As a preliminary matter, the Court notes that since no application to appoint Ms. Nava was ever filed, there has not been a guardian ad litem appointed in this case. Therefore, the Court is unable to substitute Mr. Reed in place of Ms. Nava. Furthermore, the Court is concerned about whether Mr. Reed is qualified to act as a guardian ad litem for several reasons.

First, as previously noted, the purpose of the guardian ad litem is to protect the minor's interests in the litigation. *Williams v. Superior Court*, 147 Cal. App. 4th 36 (App. 4 Dist. 2007). In this case, both the complaint and the amended complaint allege that Mr. Reed is severely and permanently injured as a result of the events giving rise to this lawsuit. In particular, the complaints contend that Mr. Reed suffers from seizures, that his short term memory is impaired, he is disoriented, depressed, anxious, he sometimes enters into a trance, and he requires extensive nursing care. (Doc. 1 at pg. 4; Doc. 37 at pg. 4). Furthermore, this Court has permitted extensions of time to complete expert discovery to determine the extent of Mr. Reed's physical and cognitive impairments. Specifically, in the most recent stipulation, it was noted by the parties that Mr. Reed suffers from severe cognitive impairments. (Doc. 39 at pg. 2). Given these facts, the Court is not convinced that Mr. Reed has the necessary cognitive abilities to adequately protect the interests of the minor.

Second, Mr. Reed is B.R.'s father. Typically, the next friend or guardian ad litem who

sues on behalf of a minor is that minor's parent. *Gonzalez v. Reno*, 212 F.3d 1338, 1351-53 (11th Cir. 2000). However, in determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests. Cal.Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal.App.4th at 49 (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Williams v. Super. Ct.*, 147 Cal.App.4th at 50.

Here, Mr. Reed is B.R.'s father, as well as a named Plaintiff in this matter. At some point in this litigation, the parties may have divergent interests. Mr. Reed will be unable to act as B.R.'s guardian ad litem given this potential conflict of interest. Therefore, without more information specifically addressing this issue, the Court will not appoint Mr. Reed as the minor's guardian ad litem. Accordingly, the application is denied.

Because no guardian ad litem has been appointed in this case, Plaintiffs' counsel shall submit an amended application to appoint guardian ad litem no later than **May 31, 2013.** If Mr. Reed is the proposed guardian, Plaintiffs' counsel is cautioned that information needs to be attached to the application addressing the concerns of the Court outlined above. Counsel is further advised the Court will likely hold a hearing to assess Mr. Reed's condition if he wishes to pursue this application.

Finally, the instant application raises concerns about Ms. Nava's ability to act as a guardian ad litem. Therefore, if counsel submits an application to appoint Ms. Nava as a guardian ad litem in the future, any amended application shall provide the Court with specific information about the concerns raised in the instant application, as well as why these concerns are no longer an issue.

**CONCLUSION**

Based on the foregoing, Plaintiffs' Motion to Appoint Brian Reed as B.R.'s guardian ad litem is DENIED without prejudice. Plaintiffs' counsel shall submit a Motion to Appoint Guardian ad Litem no later than **May 31, 2013.**


IT IS SO ORDERED.

**Dated:   April 24, 2013**              /s/ Gary S. Austin
                                         UNITED STATES MAGISTRATE JUDGE