UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN REED, B.R., a minor, by her guardian ad litem, Roxanne Sayer,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MODESTO, a municipal corporation, Chief of Police HARDEN, in his individual capacity; Police Officer RON ZIYA, Police Officer CAELI KOEHLER, in their individual and official capacities,<br><br>Defendants. | Case No. 1:11-cv-01083-AWI-GSA<br><br>**ORDER DENYING DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER**<br><br>(Doc. 65)<br><br>Trial Date: December 9, 2014 |

**INTRODUCTION**

On October 16, 2014, Defendants City of Modesto, Chief of Police Michael Harden, and Officers Ron Ziya and Caelli Koehler (collectively, "Defendants") filed a motion to modify the scheduling order. Doc. 65. Plaintiffs Brian Reed and B. R. (collectively, "Plaintiffs") filed an opposition and Defendants filed a reply. Docs. 78, 94. The matter was heard on November 17, 2014. Steven Yourke appeared on behalf of Plaintiffs and Nathan Oyster on behalf of Defendants.

1

Having considered the pleadings as well as the arguments presented at the hearing, the Court finds that Defendants have not demonstrated good cause to support a modification of the scheduling order. Accordingly, Defendants' motion to modify the scheduling order is DENIED.

## DISCUSSION

### A. The Parties' Positions

In the instant motion to modify the scheduling order, Defendants seek to (1) re-open fact discovery to allow Defendants to conduct additional written discovery regarding Plaintiff's ongoing medical treatment, a deposition of Plaintiff Brian Reed ("Plaintiff"), and an Independent Medical Examination of Plaintiff by a neurologist; (2) re-open expert discovery to allow Defendants to designate additional medical experts and Plaintiffs to designate rebuttal experts, and to allow for depositions of the nine experts previously designated by the parties as well as of any new experts the parties are permitted to designate pursuant to the instant motion; (3) extend the dispositive motion filing deadline to allow Defendants to file a comprehensive dispositive motion; and (4) continue the trial date to May 19, 2015. Doc. 65, Defendants' Mtn. to Modify Sched. Order.

Plaintiffs filed an opposition to Defendants' motion in which they strongly oppose any modification of the scheduling order. Plaintiffs argue (1) that Defendants have failed to show that they diligently attempted to comply with the scheduling order; and (2) that Defendants have, in turn, not made the "good cause" showing required to modify a scheduling order. Plaintiffs sum up their position as follows:

> This Court modified the Scheduling Order and continued the trial date back on March 15, 2013 in order to permit the parties extra time to evaluate Plaintiff's injuries, to disclose medical experts relevant to those injuries and to conduct expert discovery relevant to his medical condition. But Defendants never did conduct any additional discovery into Plaintiff's medical condition. They never bothered to conduct an IME of Plaintiff. They never disclosed any medical experts to testify at trial or any rebuttal experts to testify against Plaintiffs' disclosed experts. Now, having completely neglected to prepare the damages aspect of the case for

> trial, Defendants have the unmitigated gall to once again demand that this Court modify the scheduling order and continue the trial date so that they may do the discovery they should have done nearly two years ago.

Doc. 78, Plaintiffs' Opp. Br., at 10.

In their reply brief, Defendants argue that even if "Defendants' original counsel had conducted an independent medical examination and deposed Plaintiff's expert witnesses, good cause would still exist to conduct additional discovery because of the substantial time gap between the fact and expert discovery cutoffs and the current trial date." Doc. 94, Defendants' Reply Br., at 4.

At the hearing on the motion to modify the scheduling order, the parties met and conferred in person, outside the presence of the Court. The parties agreed that, regardless of the disposition of the instant motion, Plaintiffs' counsel would turn over all of Plaintiff Brian Reed's medical records that were in his possession, furnish Defendants' counsel with a medical release signed by Plaintiff Brian Reed that would enable Defendants' counsel to directly obtain records from Plaintiff's medical providers, and produce Plaintiffs' experts for deposition by Defendant. The parties represented to the Court that they would be able to conduct this mutually agreed-upon discovery without the intervention of the Court.

**B. Procedural History**

This case was filed on June 29, 2011. Doc. 1. Trial in the matter was initially set for May 13, 2013. Doc. 22. Pursuant to the parties' stipulations, trial was continued to August 6, 2013; then to May 14, 2014; and finally to December 9, 2014. Docs. 32, 41, 60. The last continuance of the trial date was granted on April 14, 2014, in order to allow Defendants to retain new lead counsel, which was accomplished on April 25, 2014. Docs. 60, 61. Trial is currently set for December 9, 2014.

As to discovery deadlines, the initial fact discovery deadline was September 7, 2012.

Doc. 22. However, on September 25, 2012, the Court extended the fact discovery cut-off to November 7, 2012. Doc. 32. The initial expert discovery cut-off was October 5, 2012. Doc. 22. This was extended to December 7, 2012; then to February 1, 2013; then to November 1, 2013. Docs. 28, 32, 41. The operative cut-off dates for fact and expert discovery thus are November 7, 2012 and November 1, 2013, respectively.

Finally, regarding motion filing deadlines, the initial nondispositive and dispositive motion filing deadlines were November 30, 2012 and December 28, 2012, respectively. Doc. 22. These were continued to February 1, 2013 and March 1, 2013 respectively, and, again, to November 4, 2013 and November 29, 2013, respectively. Docs. 32, 41. The operative deadlines for filing nondispositive and dispositive motions are thus November 4, 2013 and November 29, 2013.

**C. Legal Standard**

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a court may modify a scheduling order "only for good cause and with the judge's consent." Rule 16(b)'s good cause inquiry focuses primarily on the movant's diligence. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000) (Rule 16(b)'s good cause standard "primarily considers the diligence of the party" seeking modification); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("good cause" means scheduling deadlines cannot be met despite the moving party's diligence).

Courts may also consider prejudice to the opposing party in ruling on a motion to modify the scheduling order. *Coleman*, 232 F.3d. at 1295; *Mammoth Recreations, Inc.,* 975 F.2d at 609. The focus of the inquiry, however, is on the moving party's actions; if the "[moving] party was not diligent, the inquiry should end." *Mammoth Recreations, Inc.,* 975 F.2d at 609; *also see Zivkovic v. S. Cal. Edison Co*., 302 F. 3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the

modification was not diligent, the inquiry should end and the motion to modify should not be granted.") (internal quotation marks omitted).

Finally, the court has "broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order ... will not be disturbed unless they evidence a clear abuse of discretion." *Zivkovic*, 302 F. 3d at 1087 (ellipses in original) (citation omitted).

**D. Analysis**

Here Defendants seek to modify the scheduling order so as to re-open fact and expert discovery and to file a dispositive motion, and to continue the trial to enable them to accomplish these objectives.  Defendants, however, have not established that the modification is warranted despite their own diligence.  Although, the Court previously granted extensions of discovery deadlines, the dispositive motion filing deadline, and the trial date to allow the parties to complete discovery regarding the nature and extent of Plaintiff's injuries and medical treatment and to file all appropriate motions, Defendants failed to do so or to request additional extensions of time within a reasonable period.

The Court notes that Defendants substituted in new counsel in April 2014.  However, although the applicable discovery and motion-filing deadlines had passed well before the substitution of counsel occurred,[1] new counsel waited almost six months and until one week before the final pretrial conference to request that long-expired deadlines be extended.[2] *See*

---

[1] Defendants filed the instant motion to modify the scheduling order on October 16, 2014, when the fact discovery cut-off was November 7, 2012, the expert discovery cut-off was November 1, 2013, the non-dispositive motion filing deadline was November 4, 2013, and the dispositive motion filing deadline was November 29, 2013.

[2] In its April 17, 2014 order continuing the trial date from May 14, 2014 to December 9, 2014, the District Court set a further pretrial conference and hearing on any motions in limine for October 22, 2014.  Doc. 60.  On October 2, 2014, the Court continued the pre-trial conference/motion in limine hearing to November 13, 2014, to accommodate the Court's schedule.  Doc. 63.  Defendants' filed the instant motion to modify the scheduling order on October 16, 2014, less than a week before the pretrial conference as originally scheduled.  Moreover, since the motion to modify

5

*Mammoth Recreations, Inc.*, 975 F.2d at 610 (affirming denial of motion to modify scheduling order to allow amendment of the pleadings when the motion was made four months after the cut-off date for amendment specified in the scheduling order).  Given this delay, the Court is forced to conclude that Defendants have not established "good cause" for modifying the pretrial scheduling order.  The procedural posture of the case and the previous extensions granted in this matter underscore the court's conclusion that there simply lacks good cause for modifying the scheduling order at this juncture.  Accordingly, Defendants' motion to modify the scheduling order is DENIED.

   The Court notes that the pretrial conference/hearing on motions in limine and the trial are set before District Judge Anthony W. Ishii on November 24, 2014 and December 9, 2014 respectively.  To the extent the parties' in limine motions or other trial-related briefing implicate any of issues raised by the parties here, the parties will have the opportunity to bring those issues to Judge Ishii's attention at the upcoming November 24, 2014 hearing.

IT IS SO ORDERED.

   Dated:   **November 19, 2014**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE

---

the scheduling order was set for hearing on November 17, 2014, the Court further continued the pretrial conference/motion in limine hearing to November 24, 2014.